# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALEX PENLAND,                Case No. 1:20-cv-515
       Petitioner,

                                       McFarland, J.
    v.                                   Bowman, M.J.

MIKE DEWINE, et al.,          **REPORT AND**
       Respondents.          **RECOMMENDATION**

Petitioner, an inmate at the Lebanon Correctional Institution, has filed "a combined civil rights action and a writ of habeas corpus" in this case.   (Doc. 1).   On August 3, 2020, the undersigned issued an Order requiring that plaintiff pay the full $400 filing fee or submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund statement within thirty (30) days if plaintiff wished to proceed with his claims brought under 42 U.S.C. § 1983.[1]   (Doc. 3).   To the extent that plaintiff sought habeas corpus relief, the undersigned ordered plaintiff to show cause within thirty (30) days why this action should not be dismissed for failure to exhaust his available state court remedies.   Plaintiff was advised that "[i]f plaintiff fails to comply with this Order, the Court shall dismiss this case for want of prosecution."   (*Id.* at PageID 34).

To date, more than thirty days after the Court's August 3, 2020 Order, plaintiff has failed to respond to the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."   *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962).   *See also Jourdan v. Jabe*, 951

---

[1] Plaintiff was further required to show cause why his claims brought under § 1983 were not subject to dismissal for failure to exhaust his administrative remedies prior to filing his complaint.

F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's August 3, 2020 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Stephanie K Bowman

Stephanie K. Bowman
United States Magistrate Judge

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ALEX PENLAND,                              Case No. 1:20-cv-515
      Petitioner,
                                          McFarland, J.
      v.                    Bowman, M.J.

MIKE DEWINE, et al.,
      Respondents.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).